UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

|  |  |  |
|---|---|---|
| DOROTHY M. STEWART, on behalf of herself and all others similarly situated, Plaintiff, | : : : : : | Jury Demand Civil Action No. |
| v. | : : | |
| MEGAN J. BRENNAN, Postmaster General, United States Postal Service, Defendant. | : : : | **Class Action** |

## COMPLAINT

**Parties**

1.    Plaintiff, Dorothy M. Stewart ("Stewart"), is a citizen of the United States and a resident of the town of Florence, State of New Jersey.

2.    Defendant, Megan J. Brennan, Postmaster General U.S. Postal Service ("Agency" or "USPS" or "Postal Service"), is the duly appointed and acting official charged with the administration of laws and implementing regulations, instructions and directives affecting the Agency and its organizational components, in the area of job discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §791, *et seq.*, or other applicable anti-discrimination laws.

**Jurisdiction**

3.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-16(c) which provides, in pertinent part, that a party must file a civil action within 90 days of receipt of final action taken by the U.S. Equal Employment Opportunity Commission (EEOC) upon an appeal from an agency decision on a complaint of discrimination under Title VII or other anti-discrimination laws within the jurisdiction of the EEOC.

**Venue**

4.     The United States District Court for the District of New Jersey is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), in that a substantial part of the events or omissions giving rise to Stewart's claim occurred in this judicial district and Stewart resides in this judicial district.

**Structure of Complaint**

5.     Each cause of action asserted in this complaint is in addition, and in the alternative, to every other cause of action asserted.

6.     Every fact, paragraph and allegation set forth in this complaint is incorporated by reference in each and every cause of action and count asserted in this complaint.

**Relevant Facts**

7.     Stewart was formerly a Postal Service employee who held a Letter Carrier position.

8.    On December 17, 2012, Stewart filed a class action mixed case appeal (**Exhibit A**) to the U.S. Merit Systems Protection Board ("MSPB") alleging that she/they had been constructively suspended or removed without procedural due process and that she/they had been had been discriminated against on the basis of her/their disabilities when the Postal Service denied her/them the opportunity to continue, even though she/they was/were ready, willing and able to work, and work was available, and that

a.    the Postal Service violated the Stewart's and all other class members' fundamental due process rights to notice and opportunity to challenge the constructive suspensions, constructive removals and/or removals;

b.    the Postal Service committed harmful procedural error adversely affecting Stewart and all other class members by denying them the procedural rights set forth in 5 U.S.C. Chapter 75 and 5 C.F.R. Part 752;

c.    the Postal Service violated the Rehabilitation Act and the ADA, as amended, by refusing to permit the Stewart and all other class members the opportunity to work as individuals with disabilities;

d.    the Postal Service's due process violations affecting the Stewart and all other class members constituted discrimination because of their veterans status;

e.    the Postal Service violated the rights of the Stewart and all other class members under the Rehabilitation Act of 1973, the ADA as amended, and any other applicable law;

f.    the Postal Service violated the Rehabilitation Act and the ADA, as amended, by failing to adhere to the privacy rights of Stewart and all other class members concerning their medical conditions; and

g.    the Postal Service breached the Privacy Act by violating

the privacy rights of the Stewart and all other class
members.

9.      A mixed case appeal is an appeal filed with the MSPB that alleges that
an appealable agency action was effected, in whole or in part, because of
discrimination on the basis of race, color, religion, sex, national origin, disability or
age. 29 C.F.R. § 1614.302(a)(2).

10.     Stewart's MSPB appeal was captioned *Dorothy M. Stewart v. U.S. Postal
Service*, MSPB Docket No. PH-0752-13-0132-I-1.

11.     In an initial decision issued on October 28, 2014 and which became final
on January 2, 2015, the MSPB administrative judge dismissed Stewart's appeal on
jurisdictional grounds only - due, in part, to her alleged status as a class member in
the EEOC administrative litigation captioned *Pittman, et.al. v. Donahue*, EEOC
Hearing No. 541-2008-00188x class action settlement.

12.     Stewart contends that she is not a *Pittman* class member as it concerned
the allegations set forth in her MSPB appeal.

13.     Since the MSPB administrative judge dismissed Stewart's MSPB appeal
on jurisdictional grounds, Stewart contacted the Postal Service on January 27, 2015
to seek EEO counseling on her class action discrimination claims through the
statutory administrative process at 29 C.F.R. Part 1614. **Exhibit B**.

14.     Specifically, pursuant to 29 C.F.R. § 1614.302(b),

If a person files a mixed case appeal with the MSPB instead of a
mixed case complaint and the MSPB dismisses the appeal for
jurisdictional reasons, the agency shall promptly notify the individual
in writing of the right to contact an EEO counselor within 45 days of
receipt of this notice and to file an EEO complaint, subject to §

4

1614.107. The date on which the person filed his or her appeal with MSPB shall be deemed to be the date of initial contact with the counselor.

15.     On April 18, 2016, Stewart filed a formal complaint, pursuant to 29 C.F.R. § 1614.106, which complaint was docketed as Agency Case No. 4C-080-0069-16.

16.     On May 23, 2016, the Postal Service dismissed Stewart's formal complaint, and alleged that claims comprising Stewart's formal complaint were identical to the claims comprising an earlier discrimination complaint filed by Stewart on December 23, 2011 and docketed as Agency Case No. 4C-080-0140-11. **Exhibit C**.

17.     The Postal Service, in an Acceptance for Investigation document, issued on January 12, 2012, identified the accepted issue in Stewart's earlier-file complaint (Agency Case No. 4C-080-0140-11) as:

> [Stewart] alleges discrimination based on disability (Left-Leg, Stress) when, on September 2 and 9, 2011, she was told by management that there was no work available and instructed to clock out and leave in a humiliating manner in front of co-workers.

### Exhibit D

18.     Stewart timely appealed the Postal Service's Dismissal decision (**Exhibit C**) to the EEOC, which issued a decision on October 7, 2016 (**Exhibit E**), affirming the Postal Services's dismissal of Stewart's class action discrimination complaint (Agency Case No. 4C-080-0069-16).

**Class Action Allegations**

19.    This is a class action brought by the Stewart on her own behalf and on behalf of all others similarly situated.

20.    The class Stewart purports to represent is defined as:

> all preference eligibles employed by the Postal Service who had documented impairments and who were involuntarily denied the opportunity to work for more than 14 consecutive days or longer and who were not accorded their fundamental due process rights to notice and an opportunity to challenge the Postal Service's decisions to deny them work.

21.    The class is believed to exceed 1000 members nationwide and is so numerous that joinder of all members is impracticable.

22.    The Postal Services's actions alleged in this Complaint are applicable to all members of the class.

23.    Stewart has no interest antagonistic to other members of the class.

24.    Stewart can adequately represent the interest of other members of the class.

25.    Stewart's claims are typical of claims of other members of the class who are subject to the same deprivation of their rights by the Postal Service as hereinafter alleged.

26.    The prosecution of separate actions by individual members of the class would be impracticable because:

a.    inconsistent adjudications regarding individual members of the class would establish incompatible standards of conducts for the Postal Service, whose actions apply

6

generally to any and all members of the class; and

    b.    adjudications with respect to individual members of the class would be dispositive of the interest of other members not parties to the suit, since the Postal Service's actions apply generally to any and all members to the class.

27.    There are questions of law or fact common to the members of the class that predominate over questions only affecting individual members, including

    a.    whether the Postal Service violated the Stewart's and all other class members' fundamental due process rights to notice and opportunity to challenge the constructive suspensions, constructive removals and/or removals;

    b.    whether the Postal Service committed harmful procedural error adversely affecting Stewart and all other class members by denying them the procedural rights set forth in 5 U.S.C. Chapter 75 and 5 C.F.R. Part 752;

    c.    whether the Postal Service violated the Rehabilitation Act and the ADA, as amended, by refusing to permit the Stewart and all other class members the opportunity to work as individuals with disabilities;

    d.    whether the Postal Service violated the rights of the Stewart and all other class members under the Rehabilitation Act of 1973, the ADA as amended, and any other applicable law;

    f.    whether the Postal Service violated the Rehabilitation Act and the ADA, as amended, by failing to adhere to the privacy rights of Stewart and all other class members concerning their medical conditions; and

    g.    whether the Postal Service breached the Privacy Act by violating the privacy rights of the Stewart and all other class members.

28.    Questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action

is superior to other available methods for the fair and efficient adjudication of the controversy since the individual members were deprived of essentially the same rights by the Postal Service's actions, and differ only in collateral aspects of their factual situations.

29.    The claims of Stewart, the representative party, are typical of the claims of the class, and the representative party will fairly and adequately assert and protect the interests of the class.

30.    The maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

**Violations of Law**

31.    A Postal Service employee may file an MSPB appeal challenging a constructive suspension of more than 14 consecutive days or a constructive removal, provided the employee is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).

32.    Postal Service employees may appeal constructive suspensions in excess of 14 calendar days or constructive removals only if the employee: (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) has completed 1 year of current continuous service in the same or similar positions.

33.    5 U.S.C. § 2108(3)(B) defines "preference eligible" to include a "veteran" as defined by 5 U.S.C. § 2108(1)(B). Section 2108(1)(B) defines "veteran"

as an individual who

> served on active duty as defined by section 101(21) of title 38 at any time in the armed forces for a period of more than 180 consecutive days any part of which occurred after January 31, 1955, and before the date of the enactment of the Veterans' Education and Employment Assistance Act of 1976, not including service under section 511(d) of title 10 pursuant to an enlistment in the Army National Guard or the Air National Guard or as a Reserve for service in the Army Reserve, Naval Reserve, Air Force Reserve, Marine Corps Reserve, or Coast Guard Reserve; and who has been separated from the armed forces under honorable conditions.

34.   A Postal Service preference-eligible employee's involuntary absence for more than 14 consecutive days may constitute a constructive suspension appealable to the MSPB under 5 U.S.C. §§ 7512(2) and 7513(d).

35.   The Postal Service denied Stewart the opportunity to work within her medical restrictions beginning mid-September, 2011, by informing her that there was no work available for her to perform within her medical restrictions.

36.   The Postal Service also denied other class members the opportunity to work within their medical restrictions beginning mid-September, 2011, by informing them that there was no work available for them to perform within her medical restrictions.

37.   Stewart remained fully capable of performing work within her medical restrictions and communicated her willingness to work on a daily basis, but the Postal Service did not permit her to work.

38.   Other class members remained fully capable of performing work within

their medical restrictions, were ready willing and able to perform work within their medical restrictions, but the Postal Service did not permit them to work.

39.     Stewart and other class members consistently were capable of performing work within her/their medical restrictions, and the Postal Service, bound by law and policy to offer available work to her/them, failed to do so for periods of time in excess of 14 consecutive days.

40.     Stewart, being a preference eligible, was entitled to receive her due process rights to challenge the Postal Service's refusal to return her to work status.

41.     Other class members, having preference eligible status, were entitled to receive their due process rights to challenge the Postal Service's refusal to return them to work status for periods of time in excess of 14 consecutive days.

42.     The Postal Service denied Stewart and other class members her/their minimal statutory due process rights under 5 U.S.C. § 7701(c)(2)(A) and regulatory rights under the applicable provisions of 5 C.F.R. Part 752.

43.     The Postal Service denied Stewart and other class members her/their statutory rights under the Rehabilitation Act.

44.     The decision of the MSPB, that Stewart and other class members did not have causes of actions for constructive suspensions/removals, as she/they were bound by the provisions of the *Pittman, et.al. v. Donahue*, EEOC Hearing No. 541-2008-00188x class action settlement agreement, in is not supported by substantial evidence and is otherwise not in accordance with law.

10

**Conclusion and Prayer for Relief**

WHEREFORE, Plaintiff, Dorothy M. Stewart, individually and on behalf of other class members described herein, respectfully requests that the Court find that U.S. Postal Service, by and through its employees, constructively suspended and/or removed them without due process of law, and also discriminated against them in violation of the Rehabilitation Act, and that the U.S. Postal Service be ordered to pay all elements of damages and

provide all equitable relief to which they are entitled to recover under law, including, but not limited to, reinstatement, if applicable, back pay, compensatory damages, costs and reasonable attorney fees.

DENNIS L. FRIEDMAN, ESQUIRE
Attorney for Plaintiff
1515 Market Street, Suite 714
Philadelphia, PA  19102-1907
(215) 567-4600