NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DOROTHY M. STEWART, | : |
| Plaintiff, | : Civ. Action No. 17-167-BRM-LHG |
| v. | : |
|  | : **OPINION** |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | : |
| Defendant. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Megan J. Brennan, Postmaster General of the United States Postal Service's ("USPS") ("Brennan") Motion to Dismiss Plaintiff Dorothy M. Stewart's ("Stewart") claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) Stewart opposes Brennan's Motion. (ECF No. 14.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Brennan's Motion to Dismiss is **GRANTED**.

I. **BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true, considers any document "*integral to or explicitly relied upon* in the complaint," and draws all inferences in the light most favorable to Plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *see Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Courts may also consider public records, including prior court decisions, letter

decisions of government agencies, and published reports of administrative bodies. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (citations omitted).

In this case, Stewart asserts claims arising from her termination from the USPS, where she worked as a Letter Carrier. (Compl. (ECF No. 1) ¶ 7.) On September 8, 2011, Stewart filed an informal complaint with the USPS. (ECF No. 11-6 at 4.) On December 7, 2011, the USPS responded to Stewart's informal complaint with a Notice of Right to File, which stated the allegations she raised "are issues contained in a nationwide [c]lass [a]ction complaint entitled McConnell vs. United States Postal Service." (*Id.*) The USPS further informed Stewart her complaint could be held in abeyance pending resolution of the class action. *Id.* The USPS informed Stewart she had two options to proceed with her claims: (1) appeal to the U.S. Merit Systems Protection Board ("MSPB") or (2) file a formal EEO complaint. (*Id.*) The USPS informed Stewart she could choose only one of the two options and, if she filed both a MSPB appeal and a formal EEO complaint, "[w]hichever is filed first shall be considered an election to proceed in that forum." (*Id.*)

On December 23, 2011, Stewart filed an EEO Complaint of Discrimination (the "First EEO Complaint")[1] in the Postal Service alleging she was subjected to discrimination on September 2 and 9, 2011. (ECF No. 11-6 at 6.) Stewart alleged she was ordered to "get off the work room floor and leave the building . . . in a humiliating manner in front of co-workers." (*Id.* at 7.) A year later, on December 17, 2012, she filed a class action mixed case appeal to the MSPB[2] (the "MSPB

---

[1] Stewart did not attach the EEO Complaint to her Complaint in this lawsuit, and she does not acknowledge it in her opposition to this Motion. Brennan included the EEO Complaint in her motion. (ECF No. 11-6 at 6.)

[2] "[A] mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information

Appeal") alleging she had been constructively suspended without procedural due process, as well as discriminated against on the basis of her disability.[3] (ECF No. 1 ¶ 8.) On January 2, 2015, the MSPB administrative judge dismissed the MSPB Appeal on jurisdictional grounds, in part because Stewart was allegedly a member of a class in the EEOC administrative litigation, *Pittman, et al. v. Donahue*, EEOC Hearing No. 541-2008-00188x class action settlement. (*Id.* ¶ 11.) Stewart claims she is not a *Pittman* class member as it relates to the MSPB Appeal. (*Id.* ¶ 12.) On June 12, 2015, the EEOC dismissed Stewart's First EEO Complaint finding Stewart's claims were "subsumed in the Pittman Class Action." *Stewart v. Brennan*, EEOC No. 4C-080-0140-11 (June 12, 2015), Not. of Admin. J. Assign. and Order Granting Agency's Mot. to Dismiss Compl. As Subsumed. (ECF No. 11-8.)

After the MSPB Appeal was dismissed, Stewart sought to bring her class action discrimination claims through the statutory procedure pursuant to 29 C.F.R. § 1614. (ECF No. 1 ¶ 13.) On April 18, 2016, Stewart filed another formal EEO complaint (the "Second EEO Complaint"), pursuant to 29 C.F.R. § 1614.106. (*Id.* ¶ 15.) On May 23, 2016, the USPS dismissed the Second EEO Complaint on the ground her claims were identical to the claims Stewart brought in the First EEO Complaint (*Id.* ¶ 16.) Specifically, the USPS found the basis for Stewart's claim in the First EEO Complaint was "discrimination based on disability (Left-Leg, Stress), when, on September 2 and 9, 2011, she was told by management that there was no work available and instructed to clock out and leave in a humiliating manner in front of co-workers." (*Id.* ¶ 17.) Stewart

---

related to a stemming from an action that can be appealed to the [MSPB]." 29 C.F.R. § 1614.302(a)(1). "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected . . . [by] discrimination on the basis of race, color, religion, sex, national origin, disability, age, or genetic information. 29 C.F.R. § 1614.302(a)(2).

[3] While the Complaint refers jointly to Stewart's allegations and those of the class members, for clarity the Court refers only to Stewart's allegations in its summary of the facts.

3

timely appealed the USPS's dismissal of the Second EEO Complaint to the EEOC, which affirmed the dismissal on October 7, 2016. (*Id.* ¶ 18.)

On January 10, 2017, Stewart filed the Complaint in this case. (ECF No. 1.) She asserts claims on behalf of herself and purported class members for: (1) violations of her right to procedural due process related to her suspension and constructive removal; (2) denial of procedural rights under Chapter 75 of the Civil Service Reform Act of 1978, Pub.L. 95-454, 92 Stat. 1111, *et seq.*, and under 5 C.F.R. Part 752; (3) violations of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*; and (4) violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*[4]

Brennan filed her Motion to Dismiss (ECF No. 11.), and Stewart filed her opposition to the Motion. (ECF No. 14.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Philips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the

---

[4] The Complaint does not include numbered counts. The Court interprets Stewart's allegations as stating these claims.

factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. DECISION**

Brennan argues Stewart's Complaint fails to state a claim because Stewart "failed to exhaust her administrative remedies by failing to challenge an identical class action in which she is a class member." (Br. in Supp. of D.'s Mot. to Dismiss (ECF No. 11-1) at 1.) Brennan points

out there were two class actions brought by permanent rehabilitation employees[5] that cover claims from the period relevant to Stewart's allegations: *Pittman fka Walker v. Donahoe*, EEOC Case No. 54102008-00188X, and *McConnell v. USPS*, Agency No. 4B-140-0062-06. (ECF No. 11-1 at 4-5.) On March 18, 2008, the EEOC's Office of Federal Operations affirmed class certification in *Pittman* of a national class of permanent rehabilitation employees who alleged their employers limited their hours based on disability since 2000. *Pittman*, Final Order Granting Approval of Settlement Agreement (Apr. 3, 2014) ("*Pittman* Final Order") (ECF No. 11-5 at 2-3). The class included "all permanent rehabilitation employees whose duty hours have been restricted . . . from March 24, 2000 through December 31, 2012[.]" The *Pittman* class settlement was entered on April 3, 2014. (*Id.* at 1.)

On May 30, 2008, an administrative judge granted class certification in *McConnell*, which defined the class as "all permanent rehabilitation employees and limited duty employees at the agency who have been subjected to the National Reassessment Program ('NRP') from May 5, 2006 to the present." *Id.* at 12. In the *Pittman* Final Order, the administrative judge recognized the conflict between the two classes. *Id.* The *Pittman* Final Order resolved the conflict by determining the *Pittman* class includes all claims the EEOC certified "through December 31, 2012, which allege denial of work hours (including denial of work hours because of denial of reasonable accommodation) to permanent rehab employees based on disability, *except* those claims of denial of reasonable accommodation arising under the NRP up to July 1, 2011. *Id.* at 14. The excepted claims would constitute the class in *McConnell*. *Id.*

---

[5] A permanent rehabilitation position "is one that the USPS provides to an employee who has permanent restrictions resulting from an on-the-job injury." *Rolland v. Potter*, 492 F.3d 4, 46 (1st Cir. 2007).

Stewart claims *Pittman* does not subsume her claims. (ECF No. 14 at 3.) However, neither Stewart's Complaint nor her opposition to this Motion mentions the fact she signed a Claim Form and Release in the *Pittman* class action ("*Pittman* Release") on June 14, 2014. (ECF No. 11-7.) The *Pittman* Release provides Stewart released "any right . . . to appeal the [s]ettlement [a]greement to the EEOC, any right . . .to file a civil action in a federal court related to the claims in this case, and any other right [she] might have to seek relief for a claim included within" the *Pittman* class action. (*Id.* at 3.)

Stewart further contends *Pittman* does not subsume her claims, because the EEOC, which adjudicated *Pittman*, had no jurisdiction over her MSPB appeal. (ECF No. 14 at 3-4.) Stewart ignores the fact she filed the MSPB appeal a year after she filed her EEO Complaint. (*See* ECF No. 11-6 at 6; ECF No. 1. ¶ 8.) Stewart's decision to file the EEO Complaint served as her election to proceed through the process that culminated with the settlement in *Pittman*. *See Wade v. Donahoe*, Nos. 11-3795, 2012 WL 3844380, at *13 (E.D. Pa. 2012 Sept. 4, 2012) (dismissing a former USPS employee's disability claims because "[w]hen a class action is pending, the EEOC subsumes individual complaints into a class action alleging similar claims.").

Therefore, Brennan's Motion to Dismiss is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED**. An appropriate Order will follow.


**Date: March 19, 2018**                    */s/ Brian R. Martinotti*
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              UNITED STATES DISTRICT JUDGE